IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.C., | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. 15-4745 |
|     v. | : | |
| | : | |
| NICHOLAS FORD et. al, | : | |
|     Defendants. | : | |

**MEMORANDUM ORDER**

This 25th day of January, 2016, upon consideration of Defendants' Motion to Dismiss, and having received no response from Plaintiff, it is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED AS UNCONTESTED** pursuant to Local Rule 7.1(c).

The Court further observes Plaintiff's Complaints fails to state a plausible claim for relief as pleaded under Fed. R. of Civ. P. 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662 (2009). All Defendants are employees of the Philadelphia Adult Probation and Parole Department. The Complaint avers that Defendants violated Plaintiff's constitutional rights under 42 U.S.C. § 1983 in what appears to be the ordinary course of supervision by probation officers, including performing urine tests and routine home visits. It is hard to fathom how state actors fulfilling their job duties could be held liable for civil rights violations. Defendants assert a variety of defenses, including Eleventh Amendment immunity. See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."). Moreover, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to "dismiss the case at any time if the court determines that . . . [the action] is frivolous." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff's action is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). "A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In addition to the compelling defenses raised in Defendants' Motion, I find that Plaintiff's Complaint is frivolous for lacking an arguable basis in law. Perhaps indicative of the plausibility of the claims asserted, Plaintiff begins his Complaint by plainly threatening to initiate baseless future litigation:

> Plaintiff-victim is J.C. At all times by anyone Plaintiff [sic] to be referred to as J.C., Mr. C., or simply plaintiff, but nothing else. If someone ever uses Plaintiff's alleged name, they will be sued directly, no matter who they are, or what they are purporting to be. Plus in general there will be an additional 13 more suits in the next 25 years as well.

Compl. at ¶ 3. Plaintiff further pleads:

> If anybody starts to sneeze somewhere in my direction, it will be in connection to this and the next suit will be 1,000,000 dollars. If I see the word Heck anywhere at all, or any phony attempt at confusion about what this suit is about, what it involves and doesn't involve, there is going to be an additional 12 suits in the next 24 years. If any facts of this complaint do not appear accurately in any filing by others including one labeled an opinion there is going to be 13 more suits in the next 25 years. If any state claims are ignored, acting like they don't exist or are not part of this case there will be 4 more suits in the next 8 years. If the City pays/hires for purported counsel in this case there will be an additional 3 more suits in the next 6 years. They have absolutely no authority anywhere to do such a thing, if they did there would be one other case, one other victim, however there is not. The City is bankrupt, the last thing they need to be doing is paying out costly legal fees as dirty work for a non-entity.

Id. at ¶ 31.

Furthermore, the facts alleged "rise to the level of the irrational" and "wholly incredible." Denton, 504 U.S. at 33. Perhaps exemplifying the irrational and wholly incredible nature of the allegations and requested relief, at the conclusion of the Complaint, Plaintiff requests that Defendant Ford be forced "to go through intensive inpatient mental health treatment including all

2

the medication he needs, then if [sic] should be released, then intensive outpatient including continuation of the medication. Note, Plaintiff isn't big on agreements, but he would agree to have status hearings on Ford's cooperation and level of success in treatment." Finally, Plaintiff attaches Defendant Ford's alleged "Pre Judgment Investigation," which includes a mental health evaluation performed by Plaintiff ("Dr. J.C.") and allegedly "authorized by [Defendant's] illegal, out of control and rights violating behavior." Compl. at Exhibit D. The Evaluative Summary section of Plaintiff's Pre Judgment Investigation of Defendant Ford reads,

> Nick, 27, awaits justice here on his latest crimes against just one of many of his victims. . . . He did nothing special academically, [sic] Employment wise he is a joke . . . It seems interesting that a man that should either be in jail or committed for mental health treatment is still trying to continue his crimes, spending his limited resources torturing innocent victims, and trying to jail them.
>
> In term of punishment and treatment for this individual, the current mental health report is included in this reported. As was stated in the evaluation, Nick needs to be put in jail and then lengthy probation or involuntarily committed for an indefinite period of time, followed by intensive psychiatric treatment for a period of 15 years.
>
> I have Nick's p.s.i. on cd rom and hard copy as well, if anyone needs a copy of it just ask.
>
> Dr. J.C.

Id.

Based on the foregoing, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** The clerk of Court shall **CLOSE** this case.

Gerald Austin McHugh
United States District Court Judge

3