# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C. individually, and all others similarly situated | : Civil Action No. 15-4745 |
| v. | : |
| Nicholas James Ford, Steffen Boyd, Josette Springer, Shonda Williams, John W. Harrison E. Martinez, Steven Austin, Darlene Miller , Charles Hoyt | : |

# **ORDER**

AND NOW, this          day of                              , 2017, upon consideration of Plaintiff's Motion for Reconsideration and Defendants' Response thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
                                                                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C. individually, and all others similarly situated | : Civil Action No. 15-4745 |
| v. | : |
| Nicholas James Ford, Steffen Boyd,<br>Josette Springer, Shonda Williams,<br>John W. Harrison E. Martinez, Steven Austin,<br>Darlene Miller , Charles Hoyt | :<br>:<br>:<br>: |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.   **INTRODUCTION:**

On January 17, 2017, Plaintiff filed his un-signed Motion for Reconsideration. On January 20, 2017, the Court ordered that Plaintiff's submission be treated as a properly filed Motion for reconsideration. This timely response, follows.

Plaintiff's Motion for Reconsideration does not address:

An intervening change in the controlling law;

The availability of new evidence that was not available when the Court entered its Order; or

The need to correct clear error of law or fact or to prevent manifest injustice.

Plaintiff utilizes his Motion for Reconsideration to engage in another ad hominem attack on the Court.

II.  **LEGAL ARGUMENT:**

A Motion for Reconsideration is a device of limited utility. The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, judgment

may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:

An intervening change in the controlling law;

The availability of new evidence that was not available when the Court granted the Motion for Summary Judgment; or

The need to correct a clear error of law or to prevent manifest injustice.

Mays Seafood Café by Lou-Ann, Inc. v. Quinteros, 176, F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Insurance Company, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A Motion for Reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606, (M.D. Pa. 2000). Likewise, Reconsideration Motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. McDowell Oil Serv. Inc. v. Interstate Fire and Cas. Co., 817, F.Supp. 538, 541 (M.D. Pa. 1993).

Finally a reconsideration of judgment is an extraordinary remedy and such Motion should be granted sparingly. D'Angio v. Borough of Nefcopeck, 56 F. Supp. 2d, 502, 504 (M.D. Pa. 1999). "Because Federal Courts have a strong interest in the finality of judgments, Motions for Reconsideration should be granted sparingly." Continental Casualty Company v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff does not argue an intervening change in the law or new evidence. He is left therefore merely to argue there has been a clear error of law in this case, and no such error exists.

In Plaintiff's motion, he makes attacks on the Court, demands ridiculous changes to the Court's proper order, and indicates his refusal to comply with the lawful orders of this Court..

2

His attacks remain as offensive as they were in every filing he has made before this Court and countless others. His motion should be denied.

                        **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:   s/Christopher Boyle
        CHRISTOPHER BOYLE, ESQUIRE
        ID# PA93002
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8476 Fax (610) 354-8299
        Email: cpboyle@mdwcg.com
        Attorney for Defendants

DATE: January 24, 2017
LEGAL/108814266.v1

# CERTIFICATE OF SERVICE

      I, CHRISTOPHER BOYLE, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Response to Plaintiff's Motion for Reconsideration was electronically filed with the Court on January 24, 2017. Same was forwarded to Plaintiff, via first class mail, to the below listed address:

J.C.
P.O. Box 934
Philadelphia, PA 19105


                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:    s/Christopher Boyle
        CHRISTOPHER BOYLE, ESQUIRE
        ID#  PA93002
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8476 Fax (610) 354-8299
        Email:  cpboyle@mdwcg.com
        Attorney for Defendants

DATE:  January 24, 2017
LEGAL/104066858.v1