## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.C., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 15-4745 |
| v. | : | |
| | : | |
| NICHOLAS FORD et al., | : | |
| Defendants. | : | |

McHUGH, J.                                                                    March 21, 2017

## MEMORANDUM

This is an action by pro se plaintiff J.C. alleging various constitutional violations by Philadelphia Probation Officers Nicholas Ford, Steffen Boyd, Josette Springer, Shonda Williams, John W. Harrison, E. Martinez, Steven Austin, Darlene Miller, and Charles Hoyt. I previously dismissed J.C.'s claims against Defendants. On appeal, the Third Circuit upheld dismissal against Defendants in their official capacities, but remanded for consideration of whether Plaintiff raised a claim against Defendants as individuals.

Plaintiff has stated no facts that suggest constitutional violations by Defendants Boyd, Springer, Williams, Harrison, Martinez, Austin, Miller, and Hoyt. Claims against these defendants will be dismissed. However, I will seek transfer of Plaintiff's remaining claims against Nicholas Ford to District Judge Gene E.K. Pratter, as Plaintiff has a case pending before her in which he makes many of the same allegations against Mr. Ford that he makes in this case. *See Collura v. Ford et al*, Civ. No. 13-4066 (E.D. Pa. filed July 11, 2013).

I.      **J.C.'s claims against all other Defendants except Mr. Ford are dismissed.**

      A.  *Plaintiff's Claims Against Defendant Harrison.*

Plaintiff's only allegations about Defendant Harrison stem from two comments that Harrison made at Plaintiff's probation hearing on September 6, 2013.  Neither comment was improper or violative of Plaintiff's rights.

The first comment was a request to the judge to wait for the arrival of Plaintiff's lawyer. When Plaintiff's case was first called that day, his attorney had not yet arrived in the courtroom. Plaintiff alleges that Defendant Harrison then said to the judge, "Oh he's not going on without an attorney." Compl. at 11.  Plaintiff appears to believe that Harrison's comment was an attempt "to have Plaintiff sanctioned/penalized because he simply wanted to wait until his legal representation arrived." *Id.* To the contrary, the plain language of Harrison's alleged statement suggests that it was an attempt to help Plaintiff – to ensure that the court did not proceed until his attorney arrived.  This comment did not violate any of Plaintiff's rights.

Harrison's second comment was a statement to the judge that Plaintiff had "sued his p/o, he sued the supervisor, he sued the supervisor's supervisor." *Id.* Plaintiff characterizes this statement as "referencing the lawsuit in which exactly that happen" [sic], but describes it as "Direct penalization of First Amendment rights. This protected activity should never have been mentioned like the above, let alone to a robeowner in a probation hearing." *Id.* Plaintiff appears to misunderstand the scope of his First Amendment rights.  Plaintiff's former lawsuits are matters of public record, and it was not improper for Harrison to mention them at a probation hearing – or for the judge at that hearing to consider them in assessing the rehabilitative effectiveness of Plaintiff's probation.  Plaintiff has not established that any violation of his rights

occurred on September 6, 2013.  As these two comments are Plaintiff's only mentions of

Harrison in his complaint, Plaintiff's case against Harrison will be dismissed.

> B. *Plaintiff's Claims Against Defendants Boyd, Austin, Martinez, Springer, and Williams.*

Plaintiff's claims against Boyd, Austin, Martinez, Williams, and Springer derive from a

disagreement between Plaintiff and Defendants about Plaintiff's refusal to provide the Probation

Department with a current emergency telephone number.   Plaintiff states that Defendants Boyd,

Austin, and Martinez demanded that he provide them with a working phone number and were

"abrasive and aggressive," and "confrontational."  Compl. at 16.  Plaintiff refused to give the

officers a working phone number, so they referred him to their supervisors, Defendants Springer

and Williams.  Springer and Williams reiterated that Plaintiff must provide an updated

emergency contact number, and allegedly told Plaintiff he would go to prison if he did not

comply with this order.  *Id*.  Plaintiff eventually gave the officers his attorney's phone number

and left the probation office.

These are Plaintiff's only allegations against Boyd, Austin, Martinez, Springer, and

Williams.  A demand that a probationer provide a working telephone number to the probation

department does not violate his constitutional rights.  Moreover, though the officers did not

detain Plaintiff, it is clear that a judge could have and undoubtedly would have ordered them to

do so based upon his unreasonable refusal to provide them with basic contact information.

Plaintiff's claims against Boyd, Austin, Martinez, Springer, and Williams do not describe

unconstitutional or illegal conduct.  They will be dismissed.

> C. *Plaintiff's Claims Against Defendants Miller and Hoyt.*

Plaintiff alleges that Defendants Miller and Hoyt supervised Defendants Ford and Boyd.

This is the only mention Plaintiff makes of Miller and Hoyt in his Complaint.  Compl. at 22.

3

Mere supervision of other officers – even when those officers violated a plaintiff's constitutional rights – does not expose an individual to § 1983 liability. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 128-29 (3d Cir. 2010). J.C. has neither pled specific facts about supervisors' interactions with Ford nor alleged that the supervisors were engaged in specific conduct directed at him. Plaintiff has thus not pled a constitutional claim against Defendants Miller and Hoyt. His claims against them will be dismissed.

1. **Transfer of J.C.'s claims against Mr. Ford is appropriate.**

Plaintiff is a *pro se* litigant who has filed numerous frivolous and harassing actions in this District, *see Collura v. City of Philadelphia*, Civ. No. 08-746 (McLaughlin, J), *Collura v. City of Philadelphia*, Civ. No. 12-4398 (DuBois, J.), *Collura v. Disciplinary Board of the Supreme Court of Pennsylvania*, Civ. No. 11-5637 (Pratter, J.); including one concerning the same parties, incidents, and allegations that are at issue here. *See Collura v. Ford et al.*, Civ No. 13-4066 (Pratter, J.). In 2013, Plaintiff filed suit against Defendants Ford, Boyd, Austin, and Hoyt (as well as several other individuals) for various alleged constitutional violations. Plaintiff alleged that because he "[stuck] up for himself," Ford forced him to take a urine test, submitted him to a psychological exam, and threatened to have his probation revoked. *See* Civ. No. 13-4066, ECF No. 1 at 12-14. He further argues that other probation employees violated his rights by speaking rudely and loudly to him, *id.* at 21, and that Boyd, Austin, and Hoyt violated his rights because they supervised Ford. *Id.*, No. 13-4066, ECF No. 1 at 21-27.

Substantial overlap exists between these claims and those in *Collura v. Ford*. Local Rule 40.1(c)(2) states that reassignment is appropriate when two cases are related, once the fact of the

4

relationship becomes known following initial assignment.[1]  In this action, Plaintiff again alleges that Ford asked him to submit to urine tests out of retaliation, and that other probation employees violated his rights by treating him rudely or by supervising officers who did so.  Although not all of Plaintiff's instant claims were raised in the prior action (he also alleges here that Ford falsified a probation report, knocked on Plaintiff's door loudly for a long time, and intentionally published Plaintiff's medical records in order to cause him humiliation), a majority of the claims are related to or repetitive of those raised in *Collura v. Ford*.  I will therefore not decide whether Plaintiff has stated a cognizable claim against Ford.  I will, however, dismiss Plaintiff's claims against the other Defendants named herein, because he has not alleged that they committed any constitutional violations.


                /s/ Gerald Austin McHugh
             United States District Judge

---

[1] Standard screening procedures in the Clerk's office did not reveal the relationship between the cases because plaintiff used only his initials here.  Defense counsel did not alert the Court to the other pending matter until after remand by the Court of Appeals.

5