IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.C., | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS FORD et al., | : | No. 15-4745 |
|     *Defendants*. | : | |

# **O R D E R**

**AND NOW**, this 17th day of May, 2017, upon consideration of Mr. Collura's Motion for Reconsideration (Doc. No. 29) and Mr. Collura's Motion to Certify an Appeal (Doc. No. 30), it is **hereby ORDERED** that Mr. Collura's Motion for Reconsideration and Motion to Certify an Appeal are **DENIED**.[1]

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[1] This case was transferred from Judge McHugh to this Court because Mr. Collura raises many of the same allegations against Mr. Ford that he made *Collura v. Ford et al.*, Civ. No. 13-4066 (E.D. Pa. filed July 11, 2013). Prior to transferring the case, Judge McHugh granted Defendants' motion to dismiss as to all Defendants except Mr. Ford. Mr. Collura challenged the Order through the two motions currently before this Court. Mr. Collura has not met his burden for demonstrating that the March 21, 2017 Order should be reconsidered. A motion for reconsideration may be granted only where the moving party can establish that: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Mr. Collura has not demonstrated that any of these requirements has been met.

    Mr. Collura has not met his burden for demonstrating that the Court should grant an interlocutory appeal. Under 28 U.S.C. § 1292(b), a district court may certify an order for immediate appeal only if: (i) the order involves a controlling question of law; (ii) there are grounds for a substantial difference of opinion; and (iii) an immediate appeal could materially advance the ultimate termination of the litigation. *United States ex rel. Galmines v. Novartis Pharmaceuticals Corp.*, No. 06-3213, 2013 WL 4511626, at *2 (E.D. Pa. Aug. 26, 2013). Although this Court has discretion to certify a case for an immediate appeal, there is strong policy against piecemeal appellate litigation, and certification is "appropriate only in 'exceptional' circumstances." *Pitts v. Chester County Hosp.*, No. 99- 2488, 2000 WL 218125, at *1 (E.D. Pa. Feb. 24, 2000). The moving party bears the burden of showing that such exceptional circumstances exist. *Id.* Mr. Collura has not met this burden.