IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.C., *individually, and all others similarly situated*, :
    Plaintiff, :
                                         : CIVIL ACTION
v. : NO. 15-4745
                                         :
NICHOLAS FORD, et al, :
    Defendants. :

## ORDER

**AND NOW**, this 11th day of September, 2017, upon consideration of the September 1, 2017 Order of the Honorable Lawrence F. Stengel, Chief Judge, reassigning this case to this Court's docket pursuant to the local procedure for random reassignment, it is hereby **ORDERED** that Plaintiff's prior Motion for Reassignment (ECF No. 38) is **DISMISSED** as moot.

**FURTHER**, upon consideration of Plaintiff's Motion for Reconsideration (ECF No. 37), Defendants' Response (ECF No. 46), and Plaintiff's Reply (ECF No. 48), it is hereby **ORDERED** that said Motion is **DENIED**.[1]

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.

---

[1] Plaintiff has failed to establish any of the requirements for granting a motion for reconsideration: "an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice." *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (per curiam) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Plaintiff seems to challenge the prior judge's jurisdiction to decide a motion to reconsider and a motion to certify an appeal before determining whether reassignment of the case was appropriate. Pl.'s Br. 2-4. However, there was no motion for reassignment pending before the prior judge ruled on the relevant motions and thus this Court will not disturb those rulings on that basis.