# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.C., *individually, and all others* *similarly situated*, | : : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 15-4745 |
| | : | |
| NICHOLAS FORD, *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JASON COLLURA, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 13-4066 |
| | : | |
| NICHOLAS JAMES FORD, *et al.*, | : | |
| Defendants. | : | |

**Jones, II    J.**                                                    **September 18, 2017**

## MEMORANDUM

The above-captioned cases were reassigned to this Court from the dockets of two different judges after a convoluted and antagonistic history that has resulted in unnecessary cost and delay. Regrettably, these cases must be randomly reassigned again because I have identified a basis upon which my "impartiality might reasonably be questioned" in this matter, and because knowledge of that situation risks "creat[ing] personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). Nevertheless, for the sake of judicial economy and fairness to all parties, this Court issues this opinion, and corresponding case management order, before recusal to keep this matter on track towards a speedy resolution.

This Memorandum and Order resolves the Honorable Gene E.K. Pratter's May 17, 2017 Order to show cause as to why these two related cases should not be consolidated (No. 13-4066,

ECF No. 148; Case No. 15-4745; ECF No. 34), Plaintiff's subsequent motion to sever (Case No. 15-4745; ECF No. 42), and Defendants' pending motion to dismiss certain outstanding claims (No. 15-cv-4745, ECF No. 3).

<u>**STANDARD OF REVIEW**</u>

As an initial matter, civil actions may be docketed as related under Local Rule 40.1 when one case "involves the same issue of fact" or "grows out of the same transaction" as another pending case. Local Rule 40.1(b)(3)(A); *see also Montgomery v. Schering-Plough Corp.*, No. 07-194, 2007 U.S. Dist. LEXIS 12709, at *9 (E.D. Pa. Feb. 22, 2007) (finding that three cases were related because they grew out of the same allegedly fraudulent scheme even though "there [were] some differences between the three actions"). Under Local Rule 40.1, a court may *sua sponte* order cases to be docketed as related. *See, e.g., Wald v. 1 Fin. Marketplace Sec., LLC*, No. 09-1117, 2009 U.S. Dist. LEXIS 105905, at *2 nn.2-3 (E.D. Pa. Nov. 6, 2009).

Federal Rule 42(a)(2) also allows for consolidation of related cases where the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *see e.g.*, *Cottman Transmission Sys., Inc. v. Metro Distrib., Inc.*, 796 F. Supp. 838, 845 (E.D. Pa. 1992) (granting motion to consolidate actions filed as "related cases"), *vacated on other grounds sub nom. Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994). Consolidation is often appropriate in cases involving the same plaintiff, the same defendants, and/or identical or similar claims arising out of the same incident or a common set of facts. *See, e.g., In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 597 n.1 (E.D. Pa. 2009) (noting consolidation of two separate cases against the same defendants); *Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354, 359 (E.D. Pa. 1994) (explaining that the court had consolidated two related cases, filed by the same plaintiff against different defendants, "to keep all defendants on the same litigation track");

2

*Kenworthy v. Hargrove*, 826 F. Supp. 138, 139 n.1 (E.D. Pa. 1993) (noting the consolidation of two section 1983 cases arising out of the same incident) , *aff'd,* 855 F. Supp. 101 (E.D. Pa. 1994); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1185, 1186 (E.D. Pa. 1992), *on reconsideration in part,* 823 F. Supp. 1188 (E.D. Pa. 1993) (noting that court had consolidated several cases involving different claims arising out of the same set of facts into one lead case).

The decision to consolidate is ultimately left up to the district court's sound discretion. *Burton v. Ozburn Hessey Logistic*, 615 F. App'x 84, 87 (3d Cir. 2015) (affirming the district court's decision to consolidate two cases where the first action concerned plaintiff's "application for worker's compensation" and the other action involved her "termination from employment").

## RELEVANT BACKGROUND

### I.     The First Action

Plaintiff Jason Collura, proceeding *pro se*, commenced the first action (No. 13-4066) on July 11, 2013, against eight defendants for various allegedly wrongful acts arising out of his time on probation in connection with a state criminal conviction.  No. 13-cv-4066, ECF No. 1.  The clearest articulation of Plaintiff's claims in that case is summarized in the second paragraph of the complaint (the "First Complaint"):

> This is a civil action authorized by 42 U.S.C § 1983, First Amendment, Fourth Amendment, Fifth Amendment, Fourteenth Amendment direct, Fourteenth Amendment under 1983, all of the Federal Constitution, PA False Imprisonment, Article I § 7, Article I § 1, Article I Section 8, of the Pennsylvania Constitution, all equal protection clauses of federal and state law, all due process clauses of federal and state law, PA Malicious Prosecution and PA Intentional Infliction of Emotional Distress to redress deprivations, under color of state law, of rights secured by the Constitutions of the United States and of Pennsylvania.

*Id*. ¶ 2.

After extensive motion practice, initiated primarily by Plaintiff, Judge Pratter ruled that only the following claims remain: "§ 1983 claims against Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Charles Hoyt, and Robert [Malvestuto] . . . for alleged violation of [Plaintiff's] due process, First Amendment, and Fourth Amendment rights, as well as several incidental state law claims."[1]  No. 13-4066, ECF No. 67 at p. 1; *see also id.* at pp. 25-44. Defendants filed an Answer, and the parties attempted to engage in discovery with unclear results.  The last scheduling order indicates that the time for discovery closed on August 28, 2015, and summary judgement motions were due September 11, 2015.  ECF No. 125.  No summary judgment motions have been filed since then.  After additional motion practice, the matter was reassigned to this Court on July 11, 2017.  ECF No. 155.

## II.  The Second Action

Meanwhile, Plaintiff, using his initials J.C., commenced the second action (No. 15-4745) on August 19, 2015, complaining about similar wrongful conduct by "the majority of offenders" he had originally sued in "mid-July 2013" (the "Second Complaint").  No. 15-4745; ECF No. 1 ¶ 5.  The clearest articulation of the claims alleged in that second action is found in the first paragraph of the Second Complaint:

> This is a civil action authorized by 42 U.S.C § 1983, First Amendment, Fourth Amendment, Sixth Amendment, Fourteenth Amendment direct, Fourteenth Amendment under 1983, all of the Federal Constitution, Article I Section 8, of the Pennsylvania Constitution, all due process clauses of federal and state law, to redress deprivations, under color of state law, of rights secured by the Constitutions of the United States and of Pennsylvania.

*Id*. at ¶ 1.

---

[1] Defendant Robert J. Malvestuto has been improperly sued in this case under the misspelled name "Malvesuto." This Court will refer to Mr. Malvestuto by his correctly spelled name.

After another round of extensive motion practice and an appeal to the Third Circuit, the Honorable Gerald A. McHugh dismissed all claims against all defendants except Nicholas J. Ford. ECF No. 23. Judge McHugh explained that he was withholding judgment on the claims against Ford because "[s]ubstantial overlap exists between these claims and those in *Collura v. Ford*," i.e., the first action (No. 13-4066). *Id*. at 4. In particular, Judge McHugh identified the similarities between the claims against Ford as follows:

> In 2013, Plaintiff filed suit against Defendants Ford . . . for various alleged constitutional violations. Plaintiff alleged that because he "[stuck] up for himself," Ford forced him to take a urine test, submitted him to a psychological exam, and threatened to have his probation revoked. *See* Civ. No. 13-4066, ECF No. 1 at 12-14. He further argues that other probation employees violated his rights by speaking rudely and loudly to him, *id.* at 21 . . . .
>
> In this action, Plaintiff again alleges that Ford asked him to submit to urine tests out of retaliation, and that other probation employees violated his rights by treating him rudely or by supervising officers who did so. Although not all of Plaintiff's instant claims were raised in the prior action (he also alleges here that Ford falsified a probation report, knocked on Plaintiff's door loudly for a long time, and intentionally published Plaintiff's medical records in order to cause him humiliation), a majority of the claims are related to or repetitive of those raised in *Collura v. Ford*.

*Id*. at 4-5. As a result of this analysis, Judge McHugh reserved judgment on the motion to dismiss as to the claims against Ford (No. 15-4745, ECF No 3), and decided instead to transfer the matter to Judge Pratter for final disposition (No. 15-4745, ECF No. 23).

Shortly thereafter, Judge Pratter issued her May 17, 2017 Order to show cause for why these two cases should not be consolidated. No. 15-4745, ECF No. 34. Plaintiff submitted more filings, including a motion to sever and a response opposing consolidation. Defendants also responded, favoring consolidation and opposing severance. Before Judge Pratter reached these issues, the second action was reassigned to this Court on September 1, 2017. ECF No. 50.

Now pending before this Court is resolution of the consolidation show cause order and Plaintiff's motion to sever, as well as the motion to dismiss the outstanding claims against Ford.

**DISCUSSION**

Consolidation is the most appropriate next step to ensure efficient and fair management of these cases: the plaintiff is the same, the remaining defendants overlap and the surviving claims are identical or substantially similar and arise out of the same set of facts, i.e., Plaintiff's time on probation. As Defendants point out, "the only claims remaining pertain to individual capacity claims as to Probation staff and the manner in which Plaintiff alleges he was supervised while on probation." Defs.' Resp. 3, ECF No. 36. Indeed, as Judge McHugh explained, with the exception of the additional facts alleged against Ford in the Second Complaint, the remaining claims against Ford in the second action (No. 15-4745) are either related to, or duplicative of, the claims pending against Ford and the other defendants in the first action (No. 13-4066).

Plaintiff's arguments against consolidation, or in favor of severance, are unavailing. First, he attempts incoherently to deny being the same person who brought the first action, even though his initials are the same, many of the allegations involving his time on probation are identical, and he implicitly admitted filing the Second Complaint against the "the majority of offenders" he had originally sued in "mid-July 2013," i.e., the exact time frame the first action was commenced. Second, contrary to Plaintiff's assertion, a district court may raise *sua sponte* the issues of relatedness and consolidation for the sake of judicial efficiency and fairness to the parties. *See, e.g., Wald*, 2009 U.S. Dist. LEXIS 105905, at *2 nn.2-3; *see also* Fed. R. Civ. P. 42(a)(2) (granting court's authority to consolidate related cases or "issue any other orders to avoid unnecessary cost or delay."). Third, Plaintiff has not substantiated his conclusory arguments that these cases are not sufficiently identical, duplicative, or related to warrant

consolidation, or that consolidation would somehow violate his right to a fair jury trial. Lastly, Plaintiff's stated preference for having these matters handled by a judge other than Judge Pratter is no longer germane since both cases have now been removed from her docket.

Thus, the most sensible option is to consolidate these actions into one lead case, require Plaintiff to submit a consolidated amended complaint solely with respect to the surviving claims against the remaining defendants, and direct the remaining defendants to refile the appropriate responsive pleadings or dispositive motions. *See Filbert v. Westmoreland Cty. Prison*, 674 F. App'x 242, 244 (3d Cir. 2017) (approving district court's decision requiring *pro se* plaintiff to file a consolidated amended complaint after consolidating his section 1983 actions). Given this Court's decision to order the filing of a consolidated amended complaint, Defendant's pending motion to dismiss the outstanding claims against Ford is denied without prejudice as moot.

Lastly, upon closer review of the parties and factual allegations, I realized that I know two of the defendants in these cases, Charles Hoyt and Robert Malvestuto, both of whom worked closely with me, and under my supervision, for several years during my tenure as supervising judge of the Adult Probation and Parole Division of the Court of Common Pleas, First Judicial District. Because I find that these professional relationships could form the basis upon which my "impartiality might reasonably be questioned" in a case involving allegations about these two defendants' performance as members of the probation and parole department, and because knowledge of this situation risks "creat[ing] personal bias or prejudice concerning a party," I conclude that recusal is prudent under 28 U.S.C. §§ 455(a) and (b)(1). *See United States v. Bergrin*, No. 09-cr-369, 2013 WL 4501469, at *2 (D.N.J. Aug. 22, 2013) ("A determination regarding recusal is within the sound discretion of the trial court judge.") (citing *United States v. Wilensky,* 757 F.2d 594, 599-600 (3d Cir.1985)).

This recusal does not automatically vitiate this Court's authority to issue "housekeeping" orders before a successor judge is assigned. *Moody v. Simmons*, 858 F.2d 137, 138 (3d Cir. 1988). The accompanying case management order thus properly provides much needed "housekeeping" to an already complicated and intractable case without affecting the parties' substantial rights. *See In re Sch. Asbestos Litig.*, 977 F.2d 764, 787 (3d Cir. 1992) (declining to vacate recused judge's orders because they did not "cause any serious injustice to the parties," and without them an already "fragile" and complex litigation would be further disrupted).

## CONCLUSION

Consolidation is the proper treatment for these cases at this time. Plaintiff's motion to sever is therefore denied. Given this Court's decision to order Plaintiff to file a consolidated amended complaint, Defendants' pending motion to dismiss the outstanding claims against Ford is denied without prejudice as moot. And, because these cases involve claims against two defendants with whom I worked closely in connection with their professional responsibilities at issue here, my recusal is appropriate. A corresponding order follows.


BY THE COURT:


*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.