IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.C. individually, and all others : Civil Action
similarly situated,
        Plaintiffs                                           No. 15-4745

v. :

Nicholas Ford, Steffen Boyd,
Josette Springer, Shonda Williams,
John W. Harrison E. Martinez, Steven Austin,
Darlene Miller, Charles Hoyt, :
                       Defendants

### **PLAINTIFF'S MOTION TO SEVER**

The plaintiffs were going to file these proper motions on their own without that garbage that should have only went to a can or dump truck that came from upstairs. The plaintiffs naturally incorporate every single thing that has come from them since day one, we know this does not need to be repeated. This includes the following. In regards to the time of filing rule which we know is crucial here going back years, and is basic law any dummy knows, you like you predecessor have no choice you must "adhere to the time-of-filing rule regardless of the costs it imposes" in particular cases like these two. Grupo Dataflux, 541 U.S. at 571. Even though you unbelievably outrageously pathetically pretend **Jones's** bogus filing and commands Doc. 53, Doc 161 in 4066 are your own, you were long aware that a reconsideration was filed in the matters for the bogus filing of **Jones** Doc. 53, Doc 161 a **and is still pending** and it is **solely for Jones you cannot do anything with it**. That is one of twenty things right there to stop you in your tracks, just one.

Again we know Jones never had valid jurisdiction of either case for numerous reasons already relayed, very simple. A robeowner "who **was obliged to recuse acts outside his jurisdiction**". Moody v. Simmons, 858 F.2d 137, 143 (3d Cir. 1988). This falls right in line with the most basic jurisdictional rule that has been established for 200 years as already mentioned. Rhode Island vs. Massachusetts, 37 U.S. 657, 718 (1838) (Jurisdiction "must be considered and decided, before any court can **move one further step in the cause; as any movement is necessarily the exercise of jurisdiction**. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them"); Ex parte McCardle, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed **at all in any cause**"); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, (1998) (again holding that it is improper to address *any non*-jurisdictional question before jurisdiction is ascertained); Elliott v. Archdiocese of New York, 682 F. 3d 213 219, (3d Cir 2012) ("jurisdictional inquiry must precede any discussion of the merits of the case for if a court lacks jurisdiction and opines on a case over which it has no authority, it goes "beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers" citing Steel).

But of course being what he is, he acted instead of recusing. Like all of his bogus filings, those purported commands are void ab initio. See Moody (vacated all filings and orders even ones neither party asked for); Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) ("Because lack of jurisdiction would make *any* decree in the case void") quoting Brown v. Francis, 75 F.3d 860, 866 (3rd Cir.1996)[1]; Joyce v. United States, 474 F.2d 215, 219 (3d Cir.1973) (Where there is no

---

[1] In Brown jurisdiction was lacking and "*any* actions taken by the court in this case were… ineffectual. it was necessary to vacate all orders entered from the second "in which the district court purported to exercise jurisdiction over both [of the consolidated cases]." Id. at 866. Also you ordered the district court on remand to separate the consolidated cases as well. Id. at 867.

1

jurisdiction there is no discretion to ignore that lack of jurisdiction); Sarkissian v. Chicago Board of Education, 201 Ill.2d 95, 103, 776 N.E.2d 195, 201 (2002) (An order is void when the court lacks jurisdiction over the parties or subject matter, or when the court lacks authority to enter a particular order). Again, "mandamus is thus the proper remedy to vacate the orders of a judge who acted when he should have recused." Moody v. Simmons, 858 F. 2d 137, 145 (3d Cir 1988).

We also know real federal courts "can neither acquire subject matter jurisdiction through consolidation of cases nor consolidate cases as to which it lacks such jurisdiction". Lecker v. Bayer Corp. 2010 U.S. Dist. LEXIS 2596, (S.D. Ill, Jan. 13, 2010) citing Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)); United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co., 826 F.2d 643, 647 (7th Cir. 1987).

Even if he was not someone should have been in both suits, which he is, and also was actually a real judge which he is not, he would have never had jurisdiction at any time in that other case that is alleged to be the same plaintiff. See Brown v. Francis, 75 F.3d 860, 866 (3d Cir.1996) ("consolidation with a jurisdictionally proper case can[not] cure a case's jurisdictional infirmities"); Thermodyn Corp. v. 3M Co., 593 F.Supp.2d 972, 991 (N.D. Ohio 2008) ("the court cannot consolidate where, as here, it lacks jurisdiction over one of the two actions."); Bristol-Myers Squibb v. Safety Nat'l Casualty, 43 F. Supp. 2d 734, 745 (E.D. Tex 1999) ( "To consolidate an action with a proper jurisdictional basis with one that does not would be contrary to the very principles and purposes behind the laws of jurisdiction and consolidation"); Mourik

Intern. Bv v. Reactor Services Intern, 182 F. Supp. 2d 599, 602 (S.D. Tex 2002) (same). "It is elementary that a federal court cannot create jurisdiction where none exists." 5A Wright & Miller § 1350, at 204-05. All the above applies to Pratter as well, they never had proper jurisdiction of even this case.

Nothing would change for real courts with valid jurisdiction on both cases, in which he never did . Contrary to countless things that Jones wants people to believe, cases *can* consolidate only **after an in depth correct legal determination** that meets the threshold for consolidation, a legal question to plenary review. "The Supreme Court and this Court have repeatedly held that the Federal Rules of Civil Procedure, like any other statute, should be given their plain meaning." Berckeley Inv. Group, Ltd. v. Colkitt, 259 F.3d 135, 142 n. 7 (3d Cir.2001). The statute says "**If**" that threshold is met, then the two actions may be consolidated to a limited purpose, legal question plenary review, that simple. What other legal question of any kind ever does not get plenary review? The answer we know is none. Contrary it is not okay I feel like doing this, I can it if I want regardless of anything. Federal circuits and even our buildings have recognized this simple premise. "**Once** a common question has been established"-again plain language- then two actions may be consolidated to a limited purpose. In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J.1998), citing Cantrell v. GAF Corp., 999 F. 2d 1007 (6th Cir. 1993).

Again, nothing would change here if he actually had valid jurisdiction on both cases in which he never did. As we have long known the two cases have very different parties, time periods (and obviously could never have been filed as a single action), circumstances, factual background, operative facts, claims, issues of liability, liability witnesses, documentary evidence, and "questions" of law. Obviously since both cases are time period, fact, claim, criminal, liability

specific, and will succeed or fail (cannot) upon the strengths or weakness (there is none) of the divergent components presented in the cases, there is no risk of inconsistent results. The criminals would propose because Ford retaliated against that plaintiff in the other case which came beforehand does not automatically mean he retaliated against this plaintiff in this case, and that they would also propose a jury (which we know the other case should have been won five years ago, never see a jury) can also decide that. This is obviously enough right here. For example consolidation *must* be denied for just two different time frames itself. King v. General Elec. Co., 960 F.2d 617, 626 (7th Cir. 1992).

Even if there were actual mere existence of some alleged common issues, which there is not, it does not come anywhere close to justify consolidation. McNaughton v. Merck & Co., Inc., 2004 WL 5180726, at * 2 (S.D.N.Y. Dec. 17, 2004); ("[t]he mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement."); Northstar Marine, Inc. v. Huffman, 2014 WL 4167019, at *2 (S.D. Ala. Aug. 21, 2014) (same); Halo Wireless, Inc. v. TDS Telecommunications Corp., 2012 WL 246393, *2 (N.D. Ga. Jan. 26, 2012) (same); Abraham v. Am. Home Mortg. Servicing, Inc.,2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) (plaintiffs' "separate mortgage transactions d[id] not constitute a single transaction or occurrence" and that "even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action"); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997) "[A]lthough Plaintiffs' claims are all brought under the Constitution and the Administrative Procedure Act, the mere fact that all Plaintiffs' claims arise under the same general law does not establish a common question of law or fact").

This is also true when the any purported common issues do not predominate over individual issues, it is well-established this alone bars consolidation[2]. If it got to this point which it never would actually following the law, then this alone would also bar just any potential discovery consolidation (in which again one case is at a case ending stage to begin with)[3].

We know it would also burden the plaintiffs in a number of different ways, it would also conflate the issues as well, and overcomplicate every stage including a jury trial, would violate the plaintiffs right to a fair jury trial. See Sidari v. Orleans County, 174 F.R.D. 275, 282 (W.D.N.Y. 1996) (denying consolidation because it "would complicate the judicial proceedings rather than promote judicial efficiency" and conflate the issues, proof, evidence that would be relevant in one case but not the other)[4]. Any consolidation of the two actions will not enhance efficiency it will substantially complicate and expand it, including any trial (to which we know

---

[2] See In re Eli Lilly & Co. Oraflex Prod. Liab. Litig., 578 F. Supp. 422, 423 (J.P.M.L. 1984) ("Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common questions of fact predominate over individual questions of fact."); In re Sears, Roebuck & Co. Employment Practices Litig., 487 F. Supp. 1362, 1364 (J.P.M.L. 1980) ("Individual rather than common factual questions predominate and the common factual questions do not "overcome the overall predominance of individual factual questions .") In re Airline "Age of Employee" Employment Practices Litig., 483 F. Supp. 814, 814 (J.P.M.L. 1980) (district court rejected motion to consolidate under Rule 42 because common questions do not predominate); In re Westinghouse Elec. Corp. Employment Discrim. Litig., 438 F. Supp. 937, 939 (J.P.M.L. 1977) ("[I]ndividual rather than common factual questions predominate in this litigation."); In re Asbestos and Asbestos Insulation Material Prod. Liab. Litig., 431 F. Supp. 906, 910 (J.P.M.L. 1977) ("Many factual questions unique to each action clearly predominate", In re King Resources Co. Sec. Litig., 342 F. Supp. 1179, 1183 (J.P.M.L. 1972) (common issues do not predominate);

[3] See Close v. American Honda Motor Co., Inc., 1994 WL 761957, at *3 (D.N.H. 1994) ("On the basis of the record before it, the court finds that the plaintiffs have not met their burden of showing that a Rule 42(a) consolidation is appropriate here. . . . [**Because individual issues** in the civil actions **predominate over common issues**, separate depositions, interrogatories, and requests for documents **will be more beneficial to plaintiffs** than consolidated discovery."); Scardino v. Amalgamated Bank, 1994 WL 408180, at *2 (E.D. Pa. 1994) ("Although there are common questions of law or fact in both actions as to the validity of the note and mortgage, these questions are not sufficiently predominant in this action to warrant consolidation); Henderson v. National R.R. Passenger Corp. 118 F.R.D. 440, 441 (N.D. Ill. 1987) ("Although certain common issues of fact may exist in both actions, the variety of individual issues predominate.").

[4] See also Atkinson v. Roth, 297 F. 2d 570, 575 (3d Cir 1961) ("We are of the opinion that the motion to consolidate, to which Atkinson as plaintiff objected, should not have been granted... We believe such consolidation in this instance burdened the parties, the court and the jury with an overcomplication of issues and necessary instructions).

5

one case should be over with a long time ago). There would be no convenience and economy in administration to begin with here, it would actually result in less convenience and ecomony. A meritless application would result in anything but a just final disposition of the litigation. The "paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience ... must yield thereto[5]. The benefits of any alleged efficiency, which there is none here to even begin with, can never be purchased at the cost of fairness. Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993).

Additionally, as we know the cases are completely different procedurally this itself as well would bar any consolidation. Again that other case in which is alleged to be the same plaintiff was filed more than two full years before this one. A whole two years. That other case is at case ending stage for more than four years now, we have live (renewed) motions for default judgment, judgment on pleadings, summary judgment[6] are more than ripe, and will now have to be granted. In this case, nothing has occurred, other than a bogus sua sponte dismissal attempt, a baseless deleting of some criminals and claims, and a bogus transfer to help an evil scheme out. That other case has traveled too far downstream, it cannot swim back, be undone, disturb the all the momentum in the name of a meritless consolidation sua sponte attempt as part of an evil scheme of destruction, and this case cannot catch up for the same reasons.

---

[5] Martin v. Bell Helicopter, 85 F.R.D. 654, 658 (D. Colo. 1980); Baker v. Waterman S.S. Corp., 11 F.R.D. 440, 441 (S.D.N.Y. 1951); Flintkote Co. v. Allis-Chalmers Corp.,73 F.R.D. 463 (S.D.N.Y.1977); Taft v. Pontarelli, 100 F.R.D. 19,21 (D.R.I. 1983) ("just determinations are to be preferred in any system of justice to either those which are speedy or inexpensive").

[6] That case is "is so one-sided that one party, [that plaintiff) must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). One-sided actually fits it to a tee.

It is well-established that divergent let alone vastly divergent (like here) procedural posture of the two cases itself bars consolidation. Ruane v. County of Suffolk, 923 F. Supp. 2d 454, 461 (E.D.N.Y 2013) (" judicial economy would not be served through consolidation as these two actions are at different stages of the litigation. While no discovery has been conducted in this action, there is a motion for summary judgment currently pending in the Ferrari matter"); Firefighters Local 1908, v. County of Clark, (D. Nev. 2012) (denying consolidation because cases are in different procedural postures, one case is ripe for summary judgment, the other case is still at dismissal stage, "to order consolidation would not save judicial resources, and has the real possibility of confusing the factual and legal issues at stake in both suits"); Stewart v. O'Niell, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (denying consolidation because cases are in different procedural postures, significant discovery happened in one case ripe for summary judgment, other case no answer has even been filed, judicial efficiency would not be served); Lewis v. Four B Corp., 347 F. Supp. 2d 1017, 1020 (D. Kan 2004) (denying consolidation, different procedural postures, previously filed case ripe for summary judgment, newer case filed a year later here more than *two years*, no discovery has even occurred, judicial efficiency would not be served); Hadel v. Willis Roof Consulting, Inc., 2011 WL 484289, *1 (D. Nev. Feb. 7, 2011) (denying motion to consolidate where "these cases are at completely different stages of pretrial litigation," such that "[c]onsolidation would therefore only cause further delay and waste judicial resources"); Arrieta v. Yellow Transp., Inc., 2009 WL 90359, *2 (N.D. Tex. Jan. 13, 2009) ("The court denies YTI's motion to consolidate because the cases are at materially different stages").[7]

---

[7] See also Antoninetti v. Chipotle Mexican Grill, Inc., 2007 WL 2669531, *2 (S.D. Cal. Sept. 7, 2007) (courts have "consistently denied consolidation" when this is the case);

7

Now in an instance that consolidation actually is legally met- with a real judge with valid jurisdiction on both cases- anything but here- the remainder of that slop would still be illegal. Purporting to merge the two suits into one, and just as preposterous, purporting to file an amended complaint, supposedly almost one hundred pages, and then just as preposterous erasing an entire case, claims, and criminals by supposedly requesting the plaintiffs to only file in this case just, he took it upon himself to erase that other case, closed it with the snap of fingers. All of this would still be illegal for numerous reasons.

It has been clear for 125 years for a hundred years valid consolidation, "does not **merge the suits into a single cause,** or **change the rights** of the parties, or make those who are parties in one suit **parties in another**." Johnson v. Manhattan R. Co., 289 U.S. 479, 497 (1933); Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999) (quoting Johnson, noting consolidation does not merge suits into a single case and each case retains its separate identity and must have its own independent jurisdictional basis); Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 442 (6th Cir.1985); FDIC v. Caledonia Inv. Corp., 862 F.2d 378 (1st Cir. 1988); Greenberg v. Gianini, 140 F.2d 550 (2d Cir. 1944) ("Consolidated actions should preserve their separate identity and are not merged into a single action"). Johnson is still good law this second. The Supreme Court long ruled before Johnson that cases were different, Mutual Life Ins Co, v. Hillmon, 145 U.S., 285, 293 (1892), "The causes of action remained the distinct and required separate verdicts and judgments". Johnson just reaffirmed Mutual Life, still good law. Again valid consolidation, "**does not merge the suits into a single**

---

Arkansas Right to Life State Political Action Committee v. Butler, 972 F.Supp. 1187, 1193 (W.D. Ark. 1997) ; Long v. Dickson, 2006 WL 1896258, at *1 (D. Kan. June 29, 2006); Bruno v. Borough of Seaside Park, 2006 WL 2355489, at *2 (D.N.J. Aug. 14, 2006) among many others.

8

**cause** or **change the rights** of the parties, or make those who are parties in one suit **parties in another**", and is a plain statement that could not be any more clearer.

That's already enough to establish that Plaintiff's case ending motions in this case should be granted, can end this case regardless of any meritless consolidation from somebody with no valid jurisdiction. A consolidated case retains its independent status, and **each case is still entitled to a decision on the merits of the claims**. Horizon Asset Management Inc. v. H & R BLOCK, INC., 580 F. 3d 755, 769 (8th 2009); DeGraffenreid v. Gen. Motors Assembly Div., St. Louis, 558 F.2d 480, 486 (8th Cir.1977). Consolidation does not merge cases and the cases retain their independent status such that the **parties to one action can settle it independently of the other**. State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 267 (6th Cir. 1979) (quoting Johnson).

"Consolidation does not merge the two cases as to **deprive a party of any substantial rights** that he may have had **if the actions had proceeded separately**, for the two suits retain their **separate identities and each requires the entry of a separate judgment**. Miller v. United States Postal Serv., 9 F.2d 1033, 1036 (5th Cir.1984). "Merger is never so complete even in consolidation as to **deprive any party of any substantial rights which he may have possessed had the actions proceeded separately**". In re Massachusetts Helicopter Airlines, Inc., 469 F. 2d 439, 441 (1st Cir 1972). "Consolidation does not render rulings **in one case applicable** to a consolidated action." Rodriguez v. Passinault, 637 F.3d 675, 689 n.6 (6th Cir. 2011). This is why an actual valid "consolidation order **may not** cover **pre-** or post-trial **motions**". Bergman v. City Of Alantic City, 860 F.2d 560, 565 (1988).

Likewise in Bradgate Associates v. Fellows, Read & Associates, 999 F.2d 745 (3d Cir.1993), the Third Circuit reversed the district court's treatment of the consolidated cases as a

single unit because it diminished rights of the parties. Newfound Management Corp. v. Lewis, 131 F.3d 108, 117 (3d Cir.1997):

The teachings of Johnson and Bradgate prevent Lewis' jury demand in the trespass action from extending to the quiet title portion of the case. To determine otherwise would allow the consolidation order without more to "**merge the suits into a single controversy**" contrary to prevailing precedent... By **treating the actions as a single unit**, the district court's order failed to respect the separate and distinct nature of the two lawsuits.

Similarly, in Cella, same thing they reversed as well, treated the consolidated actions as having been merged into one case and improperly altered the rights of the parties.

In yet another case and example, Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 168 (4th Cir. 2001), Intown argued that the consolidation of the two cases somehow effectively barred a ruling on summary judgment in its case, it misunderstand the role and scope of consolidation, cited Johnson, granted summary judgment to just that case. Since once again each case is separate on its own merit, this would also obviously apply to default judgments and judgment on pleadings. The bogus commands would again affect the plaintiffs substantive rights in this case, this time somehow stopping the default motion, judgment on pleadings and summary judgment motions from properly ending the case in his favor, it does not work like that.

It most certainly does not get to this point, nowhere close, we don't need it, the bogus command to file a consolidated amended complaint is just as illegal as everything else. For just as long as Johnson (and actually Mutual Life) and its plain language: does not **merge the suits into a single cause**, or **change the rights** of the parties, or make those who **are parties in one suit parties in another**, we have known amendments are not even the purpose of consolidation, are forbidden to begin with. See National Nut Co. of Cal. v. Susu Nut Co, 61 F. Supp. 86, 87-89 (N.D.Ill.1945), denying prospect of consolidated amended complaint:

"the cases preserve their separate identity, and are to be determined exactly as if they were heard separately... "The rights of the litigants must still turn on the pleadings, proof, and proceedings

of their respective suits... An amended complaint "would in effect work a merger of the two causes as there would only be one Amended and Supplemental Complaint pending before the court. Such an order would not be an order of consolidation in its true sense, as Case No. 15,637 would in effect be superseded and there would be only one pleading to be considered by the court. Such action would prejudice the rights of the litigants with respect to action taken in the two suits, and the question of costs would be seriously complicated by such action.

The next decade, Macalister v. Guterma 263 F.2d 65, 69 (2d Cir 1958) (While the district courts can utilize limited consolidation once Rule 42 requirements are legally met "they have **no such authority to order a consolidated complaint**"). The next decade, more than a half century ago you decided this issue, Oikarinen v. Alexian Bros., 342 F.2d 155 (3d Cir. 1965) (there is no consolidated amended complaint, a defendant in one case cannot be added as a party in another case, in "every respect each action stands as a separate action"). Thirty years ago you did it again. Nanavati v. Burdette Tomlin Memorial Hospital, 857 F.2d 96, 104 (3rd Cir.1988) (It is a "formal requirement" to keep actions separate. "Consolidation is a procedural device, **not a means for joining new parties or claims to old actions**. It does not serve the purpose **of circumventing the established procedures for amending complaints** or joining new parties"). Recently another local case. Amendments are "not the purpose or function of consolidation" as yet again for one hundred years "it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another", quoting Johnson and Cella... "Plaintiffs, therefore, may not amend their responses simply to promote uniformity among the consolidated actions" because there is no uniformity. Astrazeneca Ab v. Dr. Reddy's Laboratories Inc, (D.NJ. March 18th, 2013). Like Mutual Life and Johnson, Oikarinen and Nanavati are still good law to this second.

That's not it, further, even it was the purpose of consolidation which it isn't, was not forbidden which it is, it would never be appropriate here, ever. The command is to file an

11

consolidated amended complaint five years into that case, 4066, three into this, that would be almost one hundred cases, illegally create one extremely long case, with two different time periods, facts, claims, criminals, liability, evidence, and more is just as preposterious, meritless and illegal, for all of the above same reasons including again already know for one hundred years consolidation does not merge two actions into one case, and it would again affect the plaintiffs substantive rights in the cases, including stopping the above case ending motions from properly ending that case in his favor. We know the proper administration of justice requires that issues be resolved without unnecessary cost or delay. Also the Federal Rules of Civil Procedure are to be construed to secure the just, speedy determination of every action. Banker's Trust Co. v. Mallis, 435 U.S. 381, 386-87 (1978).

The two cases are vastly divergent procedural positions. Also that case they provided a script; "answered" the complaint three times already. They defaulted, they waived, forfeited everything, have long, long, long, lost their chance, they do not get a chance to hit reset on this case half-decade in, for so many reasons including basic procedure including Rule 12, and much more.[8] An amended complaint supersedes an earlier complaint for *all* purposes. Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n. 4, (2009). So that's exactly what that would do, erase it, as was mentioned. See Faulkner v. Transp. Made Simple, Inc., 2010 WL 711152, at *1 (W.D. Tenn. Jan. 28, 2010) ("A motion for default judgment based on an entry of default on an earlier complaint becomes moot once the amended complaint is filed"). Same for judgment on pleadings. Every v. Brennan, (E.D Ten. 2017) (motion for Judgment on the

---

[8] It is an "ancient common law axiom" that a defendant who defaults thereby admits all factual allegations contained in the complaint. Vt. Teddy Bear Co., 373F.3d at 246.; 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990). The unchallenged factual allegations (all) in the complaint demonstrate that the plaintiff has stated all legitimate claims. It is also well established that a party forfeits its defense of jurisdictional claims and also defenses by failing to timely to raise the defense in its initial responsive pleading. See Fed.R.Civ.P. 12(h).

Pleadings moot with amended complaint).[9] The same for summary judgement as well. It's ludacris, it does not work like that. Additionally, requiring that plaintiff in that case to start over after a half-decade, (not to mention this one to start over after three years), would entail needless waste and runs counter to effective judicial administration.

Same with for the command requesting the plaintiffs to only file in that case 4066, only to have that case number, caption and criminals, he took it upon himself to erase that other case, closed it with the snap of fingers, and the criminals have followed command as well and erased a case since September, only listed one case in the caption, and only one set of criminals, nine are missing from this suit that they allege to be the same plaintiff. This in and of itself is illegal for all the above reasons. See also Breen v. Tucker, 821 F. Supp. 2d 375, 379 n.2 (D.D.C. 2011) (citing Johnson "A party should still indicate that a filing in one case should apply to all cases of a given consolidation. The caption of Mr. Breen's second motion only identifies Civil Action No. 78-2222. Thus, this opinion applies only to that case"); In re Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions at Guantanamo Bay, 567 F.Supp.2d 83, 84 (D.D.C.2008) (upon consolidation of civil actions that a given filing should still include individual case "numbers applicable to that particular filing").

In sum, we there is twenty illegal things that would block consolidation, and if there is consolidation there is countless more illegal things within that including, "it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412-13 (6th Cir. 1998). That obviously also you have not done and will not do, because it would interfere with your sinister plans.

---

[9] See also Ky. Press Ass'n, Inc. v. Kentucky, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot); Essroc Cement Corp. v. CPRIN, Inc, , 2009 WL 129809, at *2 (W.D. Mich. Jan. 20, 2009); Riley v. Fritz, No. 2009 WL 261257, at *2 (W.D. Mich. Feb. 4, 2009)

13

## CONCLUSION

Both cases need to be separated, they both need to be randomly (as in really) be reassigned to two different robeowners, new robeowner in 4066 to first rule on- and grant that plaintiff's renewed motion for default judgment, or if another error is made then the renewed motion full or partial judgment on the pleadings should be granted, if another error is made on that, then the renewed motion for full or partial summary judgment is to be granted. It is imperative that 4066 will finally end now in that plaintiff's favor like it should have first in 2013, before a half-decade of wasteful litigation. In this case 4745, the eight criminals and all claims should be ordered back in the case, the criminals should be ordered to file an "answer" to the complaint in its entirety, it should move forward towards trial. Doc. 66/ Doc. 171 is void and gets vacated. vacated/invalidated. Needless to say under no circumstance do the cases ever get consolidated.

J.C., Plaintiff

Dated: May 9th, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.C.
    Plaintiff           :      Civil Action

v.                              No. 15-4745

Ford, Et, al           :
    Defendant

## **CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of Motion to Sever , has been

made available by CM/ECF

Criminal Boyle
620 Freedom Business Center, Suite 300
King Of Prussia, PA 19406


                                                      J.C.
                                                      Box 934
                                                      Philadelphia, PA 19105

Dated: May 10th, 2018